**KEITH D. KARNES**, OSB No. 033521
keith@keithkarnes.com
Karnes Law Offices, PC
2701 12th St. NE
Salem, OR 97302
Tel: 503-385-8888
Fax: (503) 385-8899

**KEVIN J. RANK**, OSB No. 914034
kevinr@opusnet.com
Rank & Associates, PC
1265 Waller St SE
Salem OR 97302
Tel: 503-362-6068
Fax: 503-362-7095

**BRADY MERTZ,** OSB No. 970814
brady@bradymertz.com
Brady Mertz PC
345 Lincoln St SE
Salem OR 97302
Tel: 503-385-0121
Fax: 503-375-2218

**RICK KLINGBEIL,** OSB No. 933326
rick@klingbeil-law.com
Rick Klingbeil PC
1826 NE Broadway
Portland OR 97232
Tel: 503-473-8565

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| IN RE: | Case No. 19−60230-pcm11 |
| WILLIAM JOHN BERMAN | Adv. Pro. No. |
| Debtor | CLASS ACTION COMPLAINT FOR NONDISCHARGABILITY AND DENIAL OF DISCHARGE |

1 – CLASS ACTION COMPLAINT FOR NONDISCHARGABILITY

| |
|---|
| LOREN HATHAWAY, on behalf of himself and all others similarly situated; GENNISE HATHAWAY, on behalf of herself and all others similarly situated; and HEATHER NOBLE, on behalf of herself and all others similarly situated |
| Plaintiffs |
| v. |
| WILLIAM JOHN BERMAN, |
| Defendant |

Plaintiffs / Class Representatives Loren Hathaway, Gennise Hathaway, and Heather Noble on behalf of themselves and the Class of judgment creditors from the previous state court litigation entitled "LOREN HATHAWAY, on behalf of himself and all others similarly situated within the state of Oregon; et al., v. B. & J. PROPERTY INVESTMENTS, INC., an Oregon corporation; et al.", Marion County Circuit Court Number, 13C14321 ("The Class" or "Class Members") allege as follows:

I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this adversary proceeding under 28 U.S.C. §1331 and § 1334. This adversary proceeding relates to the Chapter 11 case of William Berman Case No. 19-60230-pcm11, now pending in the United States Bankruptcy Court for the District of Oregon. The matter is a core proceeding pursuant to 28 U.S.C. §157. Pursuant to LR 7008-1 Plaintiffs consent to this Court's entry of final orders and judgment in this action.

2. Venue is proper pursuant to 28 U.S.C. §1409.

2 – CLASS ACTION COMPLAINT FOR NONDISCHARGABILITY

## II. GENERAL FACTUAL ALLEGATIONS

3. B. & J. Properties ("B. & J.") and Better Business Management ("BBM") were both closely-held Oregon corporations owned and operated by William J. Berman ("Berman") and his spouse Debra Berman. Mr. and Ms. Berman were the sole owners and officers of both companies.

4. BBM managed and operated a mobile home park ("Salem RV Park" or "SRVP") located in Salem, Marion County, Oregon. B. & J. Properties owned the real property upon which the SRVP was located, and leased the property to BBM.

5. On April 12, 2013 The Class filed claims against B. & J. and BBM that included allegations under ORS §90.315(2), (4)(a) and (4)(b) for intentional violations of Oregon's landlord tenant law.

6. Those claims included allegations that each month B. & J. and BBM unlawfully increased and inflated billings for electrical service charged to Class Members, and charged them an unlawful "PGE meter fee."

7. On January 15, 2015 the Marion County Circuit Court granted partial summary judgment on liability against defendant BBM on Plaintiffs' ORS §90.315(4) claims. It held that the inflated billings for electrical service and "PGE meter fee" violated the statute.

8. The determination of Berman's liability for the ORS §90.315(4) violations was deferred pending a bench trial at a later date to determine whether to disregard the BBM corporate entity, and hold Berman directly liable for BBM's misconduct.

9. Beginning July 29, 2013, after the Class Members' victory on their Motion for Partial Summary Judgement on the ORS §90.315(4) claims, BBM at the direction of Berman retaliated against each Class Member, raising their monthly rent by $20. BBM admitted this

3 – CLASS ACTION COMPLAINT FOR NONDISCHARGABILITY

was done as a way to recoup the amount it had been unlawfully receiving from its violations of ORS §90.315(4).

10. On September 19, 2013 Plaintiffs amended their Third Amended Complaint and alleged retaliation in violation of ORS §90.385 based on the $20 monthly rent increase.

11. On April 19, 2016 the Marion County Circuit Court entered an Order granting the Class Members' Motion for Partial Summary Judgment on damages on their retaliation claim.

12. On May 5, 2016 the Class amended the Complaint and added Mr. Berman as a defendant, alleging the same claims against him as were alleged against B. & J. and BBM.

13. On November 29, 2016 the Marion County Circuit Court entered an Order granting the Class Members' Motion for Partial Summary Judgment for liability on their retaliation claim.

14. The determination of Mr. Berman's liability on all claims was deferred pending a bench trial at a later date. That proceeding would determine whether to disregard the BBM corporate entity and hold B. & J. and Mr. Berman directly liable for BBM's misconduct.

15. Although the Marion County Circuit Court ruled that the $20 rent increase was retaliatory and violated ORS §90.385, Berman continued to charge the unlawful $20 increase to Class Members who remained at SRVP. The unlawful $20 charge continued until the date the bankruptcy was filed by Defendant and on information and belief still continues.

16. After a bench trial on October 16, 2018, the Marion County Circuit Court determined that BBM's corporate entity should be disregarded, and held that B. & J. and Mr. Berman were jointly and severally liable for violations of both ORS §90.315(4) (related to electrical service and meter fees) and ORS 90.385 (unlawful retaliation). The Court specifically found that Mr. Berman was the person who orchestrated the unlawful actions committed by all of the Defendants.

17. On October 30, 2018 the Marion County Circuit Court entered a judgment in favor of the Class and against the Defendants in the amount $3,900,501.00 for claims under ORS §90.315(4) and for $964,450.00 for retaliation claims under ORS §90.385.

18. On January 28, 2019 Mr. Berman filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

19. The Class Members are entitled to attorney fees and costs in the Marion County case. The Supplemental Judgment will be entered in the near future.

20. On October 24, 2017 Mr. Berman testified under oath regarding an appraisal report obtained to refinance the real property owned by B. & J located at 4490 Silverton Road, NE, Salem Oregon ("4490 Property"). Mr. Berman testified as follows:

> "Q. Do you have any idea of what the value of the 4490 property is presently?
> A. There was an appraisal done.
> Q. When?
> A. '14, '15, at the refi.
> Q. And what did it come back with?
> A. Six million."

21. On January 31, 2019, acting on behalf of B. & J., Mr. Berman filed a Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B) in the B. & J. bankruptcy proceeding. There, and in the amended schedule filed later in this case, he stated under oath at paragraph 55.1 that the "Owner's estimate" of value for the 4490 Property was $5,000,000.

22. The SRVP rental and management business located at the 4490 Property was previously owned and operated by BBM. On January 17, 2019 B. & J. filed with this court a DEBTOR'S MOTION TO REJECT COMMERICAL LEASE AND AUTHORIZE USE AND OPERATION OF PROPERTY AS RV PARK AND SELF-STORAGE FACILITY. (Dkt. 7). The purpose of that Motion was to reject the lease agreement between B. & J. and BBM, and

5 – CLASS ACTION COMPLAINT FOR NONDISCHARGABILITY

allow B. & J. to take over operations of the SRVP mobile home park rental and management business located on the 4490 Property.

23. On February 13, 2019 after a hearing held the previous day (Dkt. 101), this court granted B. & J.'s MOTION (Dkt. 103, 104), allowing it reject the lease with BBM and take over operation of the SRVP RV Park's site leasing and self-storage facility. The Order stated: "Debtor is authorized to acquire the personal property of BBM that is subject to Debtor's security interest and to engage in the business of operating a RV Park and self-storage units on Debtor's property and may continue to engage in such business as the ordinary course of Debtor's business throughout this bankruptcy proceeding consistent with the terms and provisions of the bankruptcy code."

24. B. & J. filed its Amended Schedules A/B sign by Mr. Berman with this court on April 3, 2019 (Dkt. 157, 158). B. & J. did not list the SRVP business as an asset. SRVP is, however, a valuable asset. During the past several years, when operated by BBM, the Park generated substantial income and profit which was mostly remitted to B. & J. under the terms of a lease.

### III. FIRST CLAIM FOR RELIEF

(11 U.S.C. § 523(a)(2)(A))

25. Class Members reallege each of the allegations in Sections I and II, above and further allege:

26. Pursuant to 11 U.S.C. §523(a)(2)(A), a debt for money is non-dischargeable to the extent it was obtained by false pretenses.

27. Mr. Berman obtained money from Class members by false pretenses when he directed B&J and BBM to claim to charge Class Members for electrical service in an amount it represented as equal to "$ As Used" - a term that when combined with ORS §90.315(4) created

6 – CLASS ACTION COMPLAINT FOR NONDISCHARGABILITY

Case 19-06026-pcm    Doc 1    Filed 05/06/19

the false and misleading impression that Class Members were being lawfully charged at a rate equal to the rate PGE charged to B. & J. Instead, Mr. Berman unlawfully and surreptitiously added charges to the amounts it was charged for electricity by PGE, and then billed Class Members at the unlawfully inflated rate.

28. Mr. Berman's conduct above was undertaken with the intent or with a high degree of certainty that Class Members would believe they were paying for electrical service in an amount lawfully and legally charged to them as billed by PGE, and not at the unlawfully inflated rate that profited Mr. Berman.

29. Mr. Berman's debts arising from unlawful overcharges for electrical service are non-dischargeable 11 U.S.C. § 523(a)(2)(A) because the money was obtained through false pretenses.

## IV. SECOND CLAIM FOR RELIEF

(11 U.S.C. § 523(a)(2)(A))

30. Class Members reallege each of the allegations in Section I and II, above and further allege:

31. Pursuant to 11 U.S.C. §523(a)(2)(A), a debt for money is non-dischargeable to the extent it was obtained by false pretenses.

32. Mr. Berman incurred a debt to the Class members by false pretenses when he charged Class Members an unlawful and misleadingly described meter reading fee.

33. To hide the unlawful nature of the fee from Class Members, Mr. Berman attempted to mislead them by falsely styling the charge as "PGE Meter Fee" on their rent and payment register. Mr. Berman further hid the fee when it failed to indicate its existence on any rental

7 – CLASS ACTION COMPLAINT FOR NONDISCHARGABILITY

agreement or other tenant-related paperwork, even though there were at least three appropriate areas on the form to disclose the fee.

34. Mr. Berman's conduct above was undertaken with the intent or with a high degree of certainty that Class Members would believe they were paying for a "PGE Meter Fee" that was lawfully and legally charged to them by B. & J, and not an unlawful and prohibited fee.

35. Mr. Berman's debts arising from unlawful monthly meter reading fees are non-dischargeable under 11 U.S.C. § 523(a)(2)(A) because the money was obtained through false pretenses.

## V. THIRD CLAIM FOR RELIEF

(11 U.S.C. §523(a)(6))

36. Class Members reallege each of the allegations in Section I and II, above and further allege:

37. Pursuant to 11 U.S.C. §523(a)(6), a debt incurred by a debtor who engages in willful and malicious conduct that results in damages shall be non-dischargeable.

38. Mr. Berman engaged in willful and malicious conduct that resulted in damages to the Class Members as described below.

39. He willfully and maliciously violated ORS §90.315(4) by:

a. unlawfully and surreptitiously adding charges to the amount B&J was charged by PGE for electricity, then billing Class Members for the inflated and unlawful amount;

b. falsely claiming to charge Class Members for electrical service in an amount represented on each rental agreement as being equal to "$ As Used", a term that when combined with ORS §90.315(4) falsely represented that Class Members were being charged at a rate equal to the rate PGE charged to B. & J.

8 – CLASS ACTION COMPLAINT FOR NONDISCHARGABILITY

40. As a direct and proximate result of the foregoing, Class Members have suffered economic harm.

41. The judgments in this case are nondischargeable under 11 U.S.C. §523(a)(6).

## VI.  FOURTH CLAIM FOR RELIEF

(11 U.S.C. §523(a)(6))

42. Class Members reallege each of the allegations in Section I and II, above and further allege:

43. Pursuant to 11 U.S.C. §523(a)(6), a debt incurred by a debtor who engages in willful and malicious conduct that results in damages shall be non-dischargeable.

44. Mr. Berman engaged in willful and malicious conduct that resulted in damages to the Class Members as described below.

45. Mr. Berman willfully and maliciously violated ORS §90.315(4) by charging Class Members an unlawful meter reading fee.

46. To hide the unlawful nature of the fee from Class Members, Mr. Berman attempted to mislead them by falsely styling the charge as "PGE Meter Fee" on their rent and payment register. Mr. Berman further hid the fee when it failed to indicate its existence on any rental agreement or other tenant-related paperwork, even though there were at least three appropriate areas on the form to disclose the fee.

47. As a direct and proximate result of the foregoing, Class Members have suffered economic harm.

48. The debt incurred due to Mr. Berman's conduct are nondischargeable under 11 U.S.C. §523(a)(6).

## VII.  FIFTH CLAIM FOR RELIEF

9 – CLASS ACTION COMPLAINT FOR NONDISCHARGABILITY

(11 U.S.C. §523(a)(6))

49. Class Members reallege each of the allegations in Section I and II above and further allege:

50. Pursuant to 11 U.S.C. §523(a)(6), a debt incurred by a debtor who engages in willful and malicious conduct that results in damages shall be non-dischargeable.

51. Mr. Berman engaged in willful and malicious conduct that resulted in damages to the Class Members as described below.

52. Mr. Berman willfully and maliciously violated ORS §90.385 by retaliating against Class Members after they filed and prevailed on their claims for violations of ORS §90.315(4).

53. As a direct and proximate result of the foregoing, Class Members have suffered economic harm.

54. Mr. Berman further engaged in willful and malicious conduct that resulted in damages to the Class Members by continuing to charge and collect the retaliatory rent increase from Class Members after the Marion County Circuit Court granted summary judgment on Class Members' retaliation claims under ORS §90.385.

55. As a direct and proximate result of Mr. Berman's ongoing retaliation, Class Members continue to suffer additional economic harm.

56. The debt incurred due to Mr. Berman's conduct are nondischargeable under 11 U.S.C. §523(a)(6).

### VIII. SIXTH CLAIM FOR RELIEF

(11 U.S.C. § 727(a)(2))

(Concealment of Asset)

57. Class Members reallege each of the allegations in Sections I and II, above and further allege:

58. 11 U.S.C. § 521(a) requires that, unless the court orders otherwise, the debtor shall file a schedule of assets and liabilities and a statement of the debtor's financial affairs.

59. 11 U.S.C. § 727(a)(2) provides that the court shall grant the debtor a discharge, unless the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has \*\*\* concealed, or has permitted to be \*\*\* concealed property of the estate, after the date of the filing of the petition.

60. B. & J. obtained ownership of the SRVP park management and rental business from BBM on or about February 13, 2019.

61. The SRVP business was and is a valuable asset.

62. B. & J. though Berman concealed its ownership of SRVP by failing to list it on the amended Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B filed on April 3, 2019.

63. Because of Mr. Berman's misconduct, he should be denied a discharge under 11 U.S.C. § 727(a)(2).

## IX. SEVENTH CLAIM FOR RELIEF

(11 U.S.C. § 727(a)(4)(A))

(False Oath or Account)

64. Class Members reallege each of the allegations in Sections I and II, above and further allege:

65. 11 U.S.C. § 521(a) requires that, unless the court orders otherwise, the debtor shall file a schedule of assets and liabilities and a statement of the debtor's financial affairs.

66. 11 U.S.C. § 727(a)(4)(A) provides that the court shall grant the debtor a discharge, unless the debtor has the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account.

67. B. & J. through Berman obtained an appraisal in 2014 or 2015 for real property it owned, the 4490 Property, establishing a value of six million dollars.

68. B. & J. lists the 4490 Property in its amended Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B) signed by Mr. Berman and filed on April 2, 2019 as having a value of five million dollars.

69. B. & J.'s statement of value for the 4490 Property at five million dollars in Schedule A/B was false and fraudulent.

70. Because of Mr. Berman's fraudulent statements, he should be denied a discharge under 11 U.S.C. § 727(a)(4)(a).

## X. EIGHTH CLAIM FOR RELIEF

(11 U.S.C. § 727(a)(3))

(Concealment or Falsification of Material Information)

71. Class Members reallege each of the allegations in Sections I and II, above and further allege:

72. 11 U.S.C. § 521(a) requires that, unless the court orders otherwise, the debtor shall file a schedule of assets and liabilities and a statement of the debtor's financial affairs.

73. 11 U.S.C. § 727(a)(3) provides that the court shall grant the debtor a discharge, unless the debtor has concealed, *** falsified, or failed to keep or preserve any recorded information, including ***documents, records, and papers, from which the debtor's financial condition or

business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

74. Berman and B. & J. obtained an appraisal in 2014 or 2015 for real property it owned, the 4490 Property, establishing a value of six million dollars.

75. Berman and B. & J. have concealed or falsified the information contained in the appraisal by claiming a value of the 4490 Property of five million dollars in its amended Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B) filed on April 2, 2019.

76. Because of Mr. Berman's fraudulent statements, he should be denied a discharge under 11 U.S.C. § 727(a)(4)(a).

V. PRAYER FOR RELIEF

Class Members request judgment against Debtor / Defendant William Berman as follows:

    a. Determining that the debts owed by the Debtor to Class Members are all non-dischargeable.

    b. Determining that Debtor is not entitled to a discharge.

    c. That Class Members be awarded their costs of suit incurred herein;

    d. Awarding all attorney fees recoverable in this matter;

    e. For such other and further relief as this Court deems proper.

Dated May 6, 2019

                        /s/ Keith D. Karnes
                        Keith D. Karnes OSB # 033521
                        Attorney for Ad Hoc Group

13 – CLASS ACTION COMPLAINT FOR NONDISCHARGABILITY

## CERTIFICATE OF SERVICE

I, Keith Karnes, certify that I served the forgoing document via ECF which will in turn serve:

TIMOTHY J CONWAY    tim.conway@tonkon.com, candace.duncan@tonkon.com;spencer.fisher@tonkon.com
NICHOLAS J HENDERSON    nhenderson@portlaw.com, tsexton@portlaw.com;mperry@portlaw.com;hendersonnr86571@notify.bestcase.com
SHANNON R MARTINEZ    smartinez@sglaw.com, scurtis@sglaw.com
ERICH M PAETSCH    epaetsch@sglaw.com, ktate@sglaw.com
TERESA H PEARSON    teresa.pearson@millernash.com, MNGD-2823@millernash.com
AVA L SCHOEN    ava.schoen@tonkon.com, leslie.hurd@tonkon.com
TOBIAS TINGLEAF    toby@shermlaw.com, darlene@shermlaw.com
US Trustee, Eugene    USTPRegion18.EG.ECF@usdoj.gov

And I further served the following via first class mail, postage prepaid, addressed to:

Susan Stoehr
24310 S Hwy 99E, Space G
Canby, OR 97013

Nancy Wolf
2008 SE Sturdevant Rd
Toledo, OR 97391

DATED: May 6, 2019

/s/Keith D. Karnes
Keith D. Karnes, OSB No. 033521
KARNES LAW OFFICES, PC

14 – CLASS ACTION COMPLAINT FOR NONDISCHARGABILITY