**KEITH D. KARNES**, OSB No. 033521
keith@keithkarnes.com
Karnes Law Offices, PC
2701 12th St. NE
Salem, OR 97302
Tel: 503-385-8888
Fax: (503) 385-8899

**KEVIN J. RANK**, OSB No. 914034
kevinr@opusnet.com
Rank & Associates, PC
1265 Waller St SE
Salem OR 97302
Tel: 503-362-6068
Fax: 503-362-7095

**BRADY MERTZ,** OSB No. 970814
brady@bradymertz.com
Brady Mertz PC
345 Lincoln St SE
Salem OR 97302
Tel: 503-385-0121
Fax: 503-375-2218

**RICK KLINGBEIL,** OSB No. 933326
rick@klingbeil-law.com
Rick Klingbeil PC
1826 NE Broadway
Portland OR 97232
Tel: 503-473-8565

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| IN RE: | Case No. 19−60230-pcm11 |
|---|---|
| WILLIAM JOHN BERMAN | Adv. Pro. No. 19-06026-pcm |
| Debtor | THIRD AMENDED CLASS ACTION COMPLAINT FOR NONDISCHARGABILITY |

1 – THIRD AMENDED CLASS ACTION COMPLAINT FOR NONDISCHARGABILITY

| |
|---|
| LOREN HATHAWAY, on behalf of himself and all others similarly situated; GENNISE HATHAWAY, on behalf of herself and all others similarly situated; and HEATHER NOBLE, on behalf of herself and all others similarly situated<br><br>                           Plaintiffs<br><br>      v.<br><br>WILLIAM JOHN BERMAN,<br><br>                           Defendant |

Pursuant to agreement of the parties, Plaintiffs / Class Representatives Loren Hathaway, Gennise Hathaway, and Heather Noble on behalf of themselves and the Class of judgment creditors from the previous state court litigation entitled "LOREN HATHAWAY, on behalf of himself and all others similarly situated within the state of Oregon; et al., v. B. & J. PROPERTY INVESTMENTS, INC., an Oregon corporation; et al.", Marion County Circuit Court Number, 13C14321 ("The Class" or "Class Members") amend their Complaint and allege as follows:

I. JURISDICTION AND VENUE

1. This Court has jurisdiction over the subject matter of this adversary proceeding under 28 U.S.C. §1331 and § 1334. This adversary proceeding relates to the Chapter 11 case of William Berman Case No. 19-60230-pcm11, now pending in the United States Bankruptcy Court for the District of Oregon. The matter is a core proceeding pursuant to 28 U.S.C. §157. Pursuant to LR 7008-1 Plaintiffs consent to this Court's entry of final orders and judgment in this action.

2. Venue is proper pursuant to 28 U.S.C. §1409.

2 – THIRD AMENDED CLASS ACTION COMPLAINT FOR NONDISCHARGABILITY

## II. GENERAL FACTUAL ALLEGATIONS

3. B. & J. Properties ("B. & J.") and Better Business Management ("BBM") were both closely-held Oregon corporations owned and operated by William J. Berman ("Berman") and his spouse Debra Berman. Mr. and Ms. Berman were the sole owners and officers of both companies.

4. BBM managed and operated a mobile home park ("Salem RV Park" or "SRVP") located in Salem, Marion County, Oregon. B. & J. Properties owned the real property upon which the SRVP was located, and leased the property to BBM.

5. On April 12, 2013 The Class filed claims against B. & J. and BBM that included allegations under ORS §90.315(2), (4)(a) and (4)(b) for intentional violations of Oregon's landlord tenant law.

6. Those claims included allegations that each month B. & J. and BBM unlawfully increased and inflated billings for electrical service charged to Class Members, and charged them an unlawful "PGE meter fee."

7. On January 15, 2015 the Marion County Circuit Court granted partial summary judgment on liability against defendant BBM on Plaintiffs' ORS §90.315(4) claims. It held that the inflated billings for electrical service and "PGE meter fee" violated the statute.

8. The determination of Berman's liability for the ORS §90.315(4) violations was deferred pending a bench trial at a later date to determine whether to disregard the BBM corporate entity, and hold Berman directly liable for BBM's misconduct.

9. Beginning July 29, 2013, after the Class Members' victory on their Motion for Partial Summary Judgement on the ORS §90.315(4) claims, BBM at the direction of Berman

retaliated against each Class Member, raising their monthly rent by $20. BBM admitted this was done as a way to recoup the amount it had been unlawfully receiving from its violations of ORS §90.315(4).

10. On September 19, 2013 Plaintiffs amended their Third Amended Complaint and alleged retaliation in violation of ORS §90.385 based on the $20 monthly rent increase.

11. On April 19, 2016 the Marion County Circuit Court entered an Order granting the Class Members' Motion for Partial Summary Judgment on damages on their retaliation claim.

12. On May 5, 2016 the Class amended the Complaint and added Mr. Berman as a defendant, alleging the same claims against him as were alleged against B. & J. and BBM.

13. On November 29, 2016 the Marion County Circuit Court entered an Order granting the Class Members' Motion for Partial Summary Judgment for liability on their retaliation claim.

14. The determination of Mr. Berman's liability on all claims was deferred pending a bench trial at a later date. That proceeding would determine whether to disregard the BBM corporate entity and hold B. & J. and Mr. Berman directly liable for BBM's misconduct.

15. The Marion County Circuit Court found as a matter of fact that Berman "through his own contrived plan to 'avoid losing money on electrical charges'…instructed staff to inform tenants they would be charged .12¢ per KWH, which they were told was the same rate the utility charged BBM. That was patently false."

16. Indeed, Mr. Berman intentionally directed his staff to make false statements and lie about the electric bills that were charged to the tenants. Plaintiffs relied on the false statements regarding what the tenants would pay vis-à-vis the park's actual PGE bill when they agreed to become tenants as the park. The tenants paid and Mr. Berman continued to collect the charges that were in excess of the amounts told that tenants would pay even after he was provided

4 – THIRD AMENDED CLASS ACTION COMPLAINT FOR NONDISCHARGABILITY

Case 19-06026-pcm    Doc 40    Filed 01/22/20

written notice of the violations from Class Representatives pursuant to ORCP 32H, and after he was sued for violating the applicable statutes.

17. Although the Marion County Circuit Court ruled that the $20 rent increase was retaliatory and violated ORS §90.385, Berman continued to charge the unlawful $20 increase to Class Members who remained at SRVP. The unlawful $20 charge continued until the date the bankruptcy was filed by Defendant and on information and belief still continues.

18. After a bench trial on October 16, 2018, the Marion County Circuit Court determined that BBM's corporate entity should be disregarded, and held that B. & J. and Mr. Berman were jointly and severally liable for violations of both ORS §90.315(4) (related to electrical service and meter fees) and ORS 90.385 (unlawful retaliation). The Court specifically found that Mr. Berman was the person who orchestrated the unlawful actions committed by all of the Defendants.

19. On October 30, 2018 the Marion County Circuit Court entered a judgment in favor of the Class and against the Defendants in the amount $3,900,501.00 for claims under ORS §90.315(4) and for $964,450.00 for retaliation claims under ORS §90.385.

20. On January 28, 2019 Mr. Berman filed a voluntary petition for relief under Chapter 11 of the United States Bankruptcy Code.

21. The Class Members are entitled to attorney fees and costs in the Marion County case. The Supplemental Judgment will be entered in the near future.

22. On October 24, 2017 Mr. Berman testified under oath regarding an appraisal report obtained to refinance the real property owned by B. & J located at 4490 Silverton Road, NE, Salem Oregon ("4490 Property"). Mr. Berman testified as follows:

> "Q. Do you have any idea of what the value of the 4490 property is presently?
> A. There was an appraisal done.

> Q. When?
> A. '14, '15, at the refi.
> Q. And what did it come back with?
> A. Six million."

23. On January 31, 2019, acting on behalf of B. & J., Mr. Berman filed a Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B) in the B. & J. bankruptcy proceeding. There, and in the amended schedule filed later in this case, he stated under oath at paragraph 55.1 that the "Owner's estimate" of value for the 4490 Property was $5,000,000.

24. The SRVP rental and management business located at the 4490 Property was previously owned and operated by BBM. On January 17, 2019 B. & J. filed with this court a DEBTOR'S MOTION TO REJECT COMMERICAL LEASE AND AUTHORIZE USE AND OPERATION OF PROPERTY AS RV PARK AND SELF-STORAGE FACILITY. (Dkt. 7). The purpose of that Motion was to reject the lease agreement between B. & J. and BBM, and allow B. & J. to take over operations of the SRVP mobile home park rental and management business located on the 4490 Property.

25. On February 13, 2019 after a hearing held the previous day (Dkt. 101), this court granted B. & J.'s MOTION (Dkt. 103, 104), allowing it reject the lease with BBM and take over operation of the SRVP RV Park's site leasing and self-storage facility. The Order stated: "Debtor is authorized to acquire the personal property of BBM that is subject to Debtor's security interest and to engage in the business of operating a RV Park and self-storage units on Debtor's property and may continue to engage in such business as the ordinary course of Debtor's business throughout this bankruptcy proceeding consistent with the terms and provisions of the bankruptcy code."

26. Subsequent to B. & J.'s acquisition of the SRVP RV Park, B.&J. filed monthly operating reports signed under penalty of perjury by William Berman that did not list the

6 – THIRD AMENDED CLASS ACTION COMPLAINT FOR NONDISCHARGABILITY

SRVP business as an asset. SRVP is, however, a valuable asset. During the past several years, when operated by BBM, the Park generated substantial income and profit which was mostly remitted to B. & J. under the terms of a lease.

27. As part of the disclosures required in this case, Mr. Berman and B. & J. provided a Balance Sheet for William Lloyd Developments, Inc. ("WLD") at Docket entry 52 in this case that failed to disclose accurate information about WLD's assets, and the income from WLD.

28. Mr. Berman and B. & J. also provided a statement of financial affairs ("SOFA") in this case purporting to be an accurate report of income received during the year this case was filed, plus two prior years. The SOFA filed in this case failed to include or accurately state income from WLD.

### III. FIRST CLAIM FOR RELIEF

(11 U.S.C. § 523(a)(2)(A))

29. Class Members reallege each of the allegations in Sections I and II, above and further allege:

30. Pursuant to 11 U.S.C. §523(a)(2)(A), a debt for money is non-dischargeable to the extent it was obtained by false pretenses.

31. Mr. Berman obtained money from Class members by false pretenses when he directed B&J and BBM to claim to charge Class Members for electrical service in an amount it represented as equal to "$ As Used" - a term that when combined with ORS §90.315(4) created the false and misleading impression that Class Members were being lawfully charged at a rate equal to the rate PGE charged to B. & J. Instead, Mr. Berman unlawfully and surreptitiously added charges to the amounts it was charged for electricity by PGE, and then billed Class Members at the unlawfully inflated rate.

32. Mr. Berman's conduct above was undertaken with the intent or with a high degree of certainty that Class Members would believe they were paying for electrical service in an amount lawfully and legally charged to them as billed by PGE, and not at the unlawfully inflated rate that profited Mr. Berman.

33. Mr. Berman's debts arising from unlawful overcharges for electrical service are non-dischargeable 11 U.S.C. § 523(a)(2)(A) because the money was obtained through false pretenses.

## IV. SECOND CLAIM FOR RELIEF

(11 U.S.C. § 523(a)(2)(A))

34. Class Members reallege each of the allegations in Section I and II, above and further allege:

35. Pursuant to 11 U.S.C. §523(a)(2)(A), a debt for money is non-dischargeable to the extent it was obtained by false pretenses.

36. Mr. Berman incurred a debt to the Class members by false pretenses when he charged Class Members an unlawful and misleadingly described meter reading fee.

37. To hide the unlawful nature of the fee from Class Members, Mr. Berman attempted to mislead them by falsely styling the charge as "PGE Meter Fee" on their rent and payment register. Mr. Berman further hid the fee when it failed to indicate its existence on any rental agreement or other tenant-related paperwork, even though there were at least three appropriate areas on the form to disclose the fee.

38. Mr. Berman's conduct above was undertaken with the intent or with a high degree of certainty that Class Members would believe they were paying for a "PGE Meter Fee" that was lawfully and legally charged to them by B. & J, and not an unlawful and prohibited fee.

39. Mr. Berman's debts arising from unlawful monthly meter reading fees are non-dischargeable under 11 U.S.C. § 523(a)(2)(A) because the money was obtained through false pretenses.

## V. THIRD CLAIM FOR RELIEF

(11 U.S.C. §523(a)(6))

40. Class Members reallege each of the allegations in Section I and II, above and further allege:

41. Pursuant to 11 U.S.C. §523(a)(6), a debt incurred by a debtor who engages in willful and malicious conduct that results in damages shall be non-dischargeable.

42. Mr. Berman engaged in willful and malicious conduct that resulted in damages to the Class Members as described below.

43. He willfully and maliciously violated ORS §90.315(4) by:

a. unlawfully and surreptitiously adding charges to the amount B&J was charged by PGE for electricity, then billing Class Members for the inflated and unlawful amount;

b. falsely claiming to charge Class Members for electrical service in an amount represented on each rental agreement as being equal to "$ As Used", a term that when combined with ORS §90.315(4) falsely represented that Class Members were being charged at a rate equal to the rate PGE charged to B. & J.

44. As a direct and proximate result of the foregoing, Class Members have suffered economic harm.

45. The judgments in this case are nondischargeable under 11 U.S.C. §523(a)(6).

## VI. FOURTH CLAIM FOR RELIEF

(11 U.S.C. §523(a)(6))

9 – THIRD AMENDED CLASS ACTION COMPLAINT FOR NONDISCHARGABILITY

46. Class Members reallege each of the allegations in Section I and II, above and further allege:

47. Pursuant to 11 U.S.C. §523(a)(6), a debt incurred by a debtor who engages in willful and malicious conduct that results in damages shall be non-dischargeable.

48. Mr. Berman engaged in willful and malicious conduct that resulted in damages to the Class Members as described below.

49. Mr. Berman willfully and maliciously violated ORS §90.315(4) by charging Class Members an unlawful meter reading fee.

50. To hide the unlawful nature of the fee from Class Members, Mr. Berman attempted to mislead them by falsely styling the charge as "PGE Meter Fee" on their rent and payment register. Mr. Berman further hid the fee when it failed to indicate its existence on any rental agreement or other tenant-related paperwork, even though there were at least three appropriate areas on the form to disclose the fee.

51. As a direct and proximate result of the foregoing, Class Members have suffered economic harm.

52. The debt incurred due to Mr. Berman's conduct are nondischargeable under 11 U.S.C. §523(a)(6).

## VII. FIFTH CLAIM FOR RELIEF

(11 U.S.C. §523(a)(6))

53. Class Members reallege each of the allegations in Section I and II above and further allege:

54. Pursuant to 11 U.S.C. §523(a)(6), a debt incurred by a debtor who engages in willful and malicious conduct that results in damages shall be non-dischargeable.

55. Mr. Berman engaged in willful and malicious conduct that resulted in damages to the Class Members as described below.

56. Mr. Berman willfully and maliciously violated ORS §90.385 by retaliating against Class Members after they filed and prevailed on their claims for violations of ORS §90.315(4).

57. As a direct and proximate result of the foregoing, Class Members have suffered economic harm.

58. Mr. Berman further engaged in willful and malicious conduct that resulted in damages to the Class Members by continuing to charge and collect the retaliatory rent increase from Class Members after the Marion County Circuit Court granted summary judgment on Class Members' retaliation claims under ORS §90.385.

59. As a direct and proximate result of Mr. Berman's ongoing retaliation, Class Members continue to suffer additional economic harm.

60. The debt incurred due to Mr. Berman's conduct are nondischargeable under 11 U.S.C. §523(a)(6).

## VIII. SIXTH CLAIM FOR RELIEF

(11 U.S.C. § 727(a)(4)(A))

(False Oath or Account)

61. Class Members reallege each of the allegations in Sections I and II, above and further allege:

62. 11 U.S.C. § 521(a) requires that, unless the court orders otherwise, the debtor shall file a schedule of assets and liabilities and a statement of the debtor's financial affairs.

63. 11 U.S.C. § 727(a)(4)(A) provides that the court shall grant the debtor a discharge, unless the debtor has the debtor knowingly and fraudulently, in or in connection with the case made a false oath or account.

False statement of property value

64. B. & J. through Mr. Berman, its president and half owner, obtained an appraisal in September 2015 for real property it owned, the 4490 Property, establishing a value of over six million dollars.

66. B. & J. lists the 4490 Property in its amended Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B) signed by Mr. Berman and filed on April 2, 2019 as having a value of five million dollars.

66. Mr. Berman, acting as president and half owner of B. & J. knew at the time he signed the Schedule A/B that the 4490 Property had been appraised for over six million dollars, and knew that it was worth substantially more than five million dollars.

64. Mr. Berman, acting as president and half owner of B. & J. knowingly, intentionally, and fraudulently in connection with this case made a false oath or account of value for the 4490 Property at five million dollars in Schedule A/B.

Failure to list Salem RV Park business as an asset

65. B. & J. obtained ownership of the SRVP park management, site rental, and onsite storage business ("SRVP") from BBM on or about February 13, 2019. The SRVP business was and is a valuable asset and provides substantial income to B. & J. each month.

66. The amended Schedule A/B was filed with this court 49 days after B. & J. was granted ownership of the SRVP business.

67. SRVP has a net operating income of $455,437 per year and remains fully leased and at 100 percent capacity.

68. Mr. Berman, acting as president and half owner of B. & J. knew that B. & J. had taken ownership of SRVP and knew that it had value.

69. Mr. Berman, acting as president and half owner of B. & J. Properties knowingly, intentionally, fraudulently, and in connection with this case made a false oath or account by failing to list the value of the SRVP business on the amended Schedule A/B: Assets–Real and Personal Property (Official Form 206A/B filed on April 3, 2019.

<u>False statements regarding income from William Lloyd Developments, Inc.</u>

70. Mr. Berman provided a Balance Sheet and other financial information for William Lloyd Developments, Inc. ("WLD") at Docket entry 52 in this case that failed to disclose accurate information about WLD's assets, and the income from WLD.

71. Mr. Berman knew at the time he filed the Balance Sheet and the other financial information that the information provided about WLD was false and fraudulent.

72. Because of Mr. Berman's and B. & J's fraudulent statements and omissions set forth above, both should be denied a discharge under 11 U.S.C. § 727(a)(4)(a).

### V.  PRAYER FOR RELIEF

Class Members request judgment against Debtor / Defendant William Berman as follows:

    a. Determining that the debts owed by the Debtors to Class Members are all non-dischargeable.

    b. Determining that Debtors are not entitled to a discharge.

    c. That Class Members be awarded their costs of suit incurred herein;

    d. Awarding all attorney fees recoverable in this matter;

13 – THIRD AMENDED CLASS ACTION COMPLAINT FOR NONDISCHARGABILITY

e. For such other and further relief as this Court deems proper.

Dated: January 22, 2020.

/s/ Keith D. Karnes
Keith D. Karnes OSB # 033521
Attorney for Ad Hoc Group

14 – THIRD AMENDED CLASS ACTION COMPLAINT FOR NONDISCHARGABILITY

## CERTIFICATE OF SERVICE

I, Keith Karnes, certify that I served the forgoing document via ECF which will in turn serve:

TIMOTHY J CONWAY    tim.conway@tonkon.com, candace.duncan@tonkon.com;spencer.fisher@tonkon.com
NICHOLAS J HENDERSON    nhenderson@portlaw.com, tsexton@portlaw.com;mperry@portlaw.com;hendersonnr86571@notify.bestcase.com
SHANNON R MARTINEZ    smartinez@sglaw.com, scurtis@sglaw.com
ERICH M PAETSCH    epaetsch@sglaw.com, ktate@sglaw.com
TERESA H PEARSON    teresa.pearson@millernash.com, MNGD-2823@millernash.com
AVA L SCHOEN    ava.schoen@tonkon.com, leslie.hurd@tonkon.com
TOBIAS TINGLEAF    toby@shermlaw.com, darlene@shermlaw.com
US Trustee, Eugene    USTPRegion18.EG.ECF@usdoj.gov

And I further served the following via first class mail, postage prepaid, addressed to:

Susan Stoehr
24310 S Hwy 99E, Space G
Canby, OR 97013

Nancy Wolf
2008 SE Sturdevant Rd
Toledo, OR 97391

DATED: January 22, 2020

/s/Keith D. Karnes
Keith D. Karnes, OSB No. 033521
KARNES LAW OFFICES, PC

15 – THIRD AMENDED CLASS ACTION COMPLAINT FOR NONDISCHARGABILITY